UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VEGA ASSET RECOVERY LLC, | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
|     v. | ) | Case No. 1:17-cv-01332 |
| | ) | |
| NEWEDGE USA, LLC, n/k/a SG | ) | Hon. Jorge L. Alonso, U.S.D.J. |
| AMERICAS SECURITIES, LLC, and | ) | Hon. Maria Valdez, U.S.M.J. |
| FINANCIAL INDUSTRY | ) | |
| REGULATORY AUTHORITY, | ) | |
| | ) | |
|     **Defendants.** | ) | |

## MOTION TO CONFIRM ARBITRATION AWARD

Pursuant to 9 U.S.C. § 9 and 710 ILCS 5/12(d),[1] Newedge USA, LLC, n/k/a SG Americas Securities, LLC ("Newedge") moves for an order confirming and entering judgment on an arbitration award dated December 19, 2016 by the Financial Industry Regulatory Authority ("FINRA").

    1.    On December 19, 2016, a three-member FINRA Arbitration Panel entered an award in favor of Newedge following a several-day hearing in an Arbitration brought and prosecuted for more than three years by Vega Opportunity Fund LLC, n/k/a Vega Asset Recovery LLC ("Vega"). The Arbitration was captioned *Vega Asset Recovery Fund, LLC v. Newedge USA, LLC*, No. 13-02179 (FINRA). A true and correct copy of the Award is attached as Exhibit A.

    2.    On or about January 17, 2017, Vega applied to the Circuit Court of Cook County, Illinois, to vacate the Award. (*See* Dkt. 1-1 Ex. A) On February 21, 2017, Newedge removed Vega's state-court proceeding to this Court. (Dkt. 1)

---

[1] Although Plaintiff has cited only the Illinois Uniform Arbitration Act ("IUAA") in this case (*see* Dkt. 1-1 Ex. A), the standard for confirming an arbitration award under the IUAA is materially the same as the standard for confirming an award under the Federal Arbitration ("FAA"), as noted below. This Motion cites both statutes for convenience.

3. As explained in Newedge's accompanying Opposition to Application to Vacate Arbitration Award and Memorandum in Support of Motion to Confirm Award (which is incorporated by reference into this Motion), there is no basis under either the FAA or IUAA to vacate the Award. In addition, the parties' arbitration agreement specifically provides that "[j]udgment upon the award may be entered in any court, state or federal, having jurisdiction." (Dkt. 1-1 Ex. 1 to Ex. A ¶ 70) Thus, under both the FAA and the IUAA, the Award should be confirmed and judgment entered thereon. *See* 9 U.S.C. § 9 ("If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected."); 710 ILCS 5/12(d) ("If the application to vacate is denied . . . , the court shall confirm the award."); *U.S. Foods, Inc. v. Noble*, No. 13 C 3640, 2015 WL 5081126, at *2 (N.D. Ill. Aug. 27, 2015) ("If a party seeks to confirm an arbitration award within a year of its entry, the court must do so unless the award has been vacated or modified." (internal citation and quotation omitted)).

WHEREFORE, Newedge requests that the Court enter an order confirming and entering judgment on the Award attached to this Motion as Exhibit A.

Dated: April 24, 2017  */s/ Stacie R. Hartman*
Stacie R. Hartman (IL Bar No. 6237265)
David C. Giles
SCHIFF HARDIN LLP
233 S. Wacker Drive, Suite 6600
Chicago, Illinois 60606
(312) 258-5500
shartman@schiffhardin.com
dgiles@schiffhardin.com

*Attorneys for Newedge USA, LLC, n/k/a SG Americas Securities, LLC*

**CERTIFICATE OF SERVICE**

I certify that on April 24, 2017, a copy of the foregoing was filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which will automatically notify and serve counsel for all parties having appeared of record. I further certify that the foregoing was served on Defendant Financial Industry Regulatory Authority, which has not yet appeared in this case, by causing a true and correct copy thereof to be deposited into the U.S. Post Office Mail box located at 233 South Wacker Drive, Chicago, Illinois, 60606, with postage fully prepaid, on April 24, 2017, addressed to the following (who signed FINRA's Waiver of Service of Summons (Dkt. 11)): Betty G. Brooks, FINRA Associate General Counsel, 1735 K St., N.W. Washington, D.C., 20006.

*/s/ Stacie R. Hartman*
Stacie R. Hartman (IL Bar No. 6237265)